IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert E. Gantt, | ) | Civil Action No. 6:21-cv-00645-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MOTION TO DISMISS PLAINTIFF'S |
| | ) | FIRST AMENDED COMPLAINT |
| Travelers Casualty Insurance Company of America, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mr. Gantt is attempting to secure insurance proceeds from a policy to which he is not a party, and on a claim that is specifically excluded from coverage. Based on the unambiguous terms of the policy, his claim fails as a matter of law, and should be dismissed pursuant to Rule 12(b)(6).[1]

## BACKGROUND

### I.    Mr. Gantt seeks to recover for damages allegedly attributable to mold exposure at his condominium.

Mr. Gantt is a resident of Court Ridge Condominiums. He alleges that in 2016, water got into his condominium through a hole in an exterior wall that resulted in mold and mildew growing in the unit. (Fir. Am. Compl. ¶¶ 17–24 (Dkt. No. 9).) Mr. Gantt alleges that he suffered illnesses requiring "numerous visits to doctors and emergency rooms" resulting from his exposure to mold in his condominium, and "severe property damage" to the unit. (*Id.* ¶¶ 10, 22.) He further alleges that he timely informed the Court Ridge Association of Residence Owners, Inc. ("Court Ridge")

---

[1]    Defendant previously filed this motion in response to Mr. Gantt's initial complaint. He has since filed an amended complaint that identifies the correct Travelers entity as the Defendant. Accordingly, Defendant re-files its motion to dismiss in response to the amended complaint.

of the hole in the exterior wall, the resulting mold and mildew inside the exterior wall cavity, and his illness. (Dkt. No. 1-1, at ECF 12, ¶¶ 8, 16.)

Court Ridge tendered Mr. Gantt's claim under its insurance policy issued by Travelers Casualty Insurance Company of America ("Travelers"). By letter dated June 20, 2018, Travelers denied the claim because of a standard "Fungi or Bacteria" exclusion in the policy. (Ex. B to Compl. (Dkt. No. 1-1, at ECF 19–21.)

Less than a week later, Mr. Gantt sued Court Ridge in South Carolina state court for his alleged damages resulting from the mold exposure. (Dkt. No. 1-1, at ECF 11–17.) According to Mr. Gantt, the parties settled that case, in part with an alleged "assignment of first-party rights from Court Ridge, as the insured," to Mr. Gantt. (Fir. Am. Compl. ¶ 6 (Dkt. No. 9).)

Through this action, Mr. Gantt attempts to stand in Court Ridge's shoes to challenge Travelers's denial of the claim. He asserts three claims through which he seeks to collect proceeds under Court Ridge's insurance policy, captioned as "Bad Faith," "Estoppel by Unconscionability," and "Breach of Implied Covenants of Good Faith and Fair Dealing in an Insurance Contract."

## II.    The insurance policy that Court Ridge purchased from Travelers specifically excludes coverage for losses attributable to mold.

Mr. Gantt's claims essentially challenge the enforceability of the policy's plain-language exclusion of claims arising from mold, which has been specifically enforced by this Court. The policy's language is controlling here, and it is detailed below.

Travelers issued a Business Owner's Policy bearing No. 680-246M1341 to Court Ridge with a policy period of October 1, 2017, to October 1, 2018 ("the Policy"). A copy of the Policy is attached hereto as Exhibit A. The Policy contains a "Fungi or Bacteria Exclusion," which specifically excludes coverage for bodily injury or property damage resulting from inhalation of

and exposure to fungi or bacteria, which is defined to include mold. In its entirety, the exclusion

states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2.**, Exclusions **of Section I – Coverage A – Bodily Injury And Property Damage:**

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

**B.** The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.** "Personal injury" or "advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

(Ex. A, Policy at PDF 178.)

## STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of a complaint. Mr. Gantt's claims are governed

by the plausibility standards articulated in the United States Supreme Court's opinions in *Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "To

3

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible only when the pleadings permit a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Stated differently, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When evaluating a motion to dismiss, the Court may properly consider documents that are integral to the complaint without converting the motion into one for summary judgment. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). As such, the Court can consider the Policy because it is "explicitly relied on in the complaint" and "integral to" Mr. Gantt's claims. *See, e.g.*, *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850 (4th Cir. 2016) (considering contract between appellee and third-party); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (considering contract between parties in deciding a 12(b)(6) motion); *Pannell v. Green Tree Servicing*, LLC, No. 2:08-00912, 2009 WL 277627, at *2 (S.D. W. Va. Feb. 5, 2009) (considering insurance policy attached to motion to dismiss); *Factory Mut. Ins. Co. v. Liberty Mut. Ins. Co.*, 518 F. Supp. 2d 803, 806-07 (W.D. Va. 2007) (considering insurance policies and claim denial letters); *cf. Rodolakis v. Safety Ins. Co.*, 327 F. Supp. 3d 274, 276 n.1 (D. Mass. 2018) (considering letters between insured and insurer that were attached to complaint and defendants' motions to dismiss).

## **ARGUMENT**

Mr. Gantt's claims are all based on his alleged exposure to mold in his condominium. The Fungi or Bacteria Exclusion unambiguously excludes coverage for just such a claim. Because there is no coverage under the Policy, Mr. Gantt's claims fail, and they should be dismissed.

**I.     Because the unambiguous terms of the Fungi or Bacteria Exclusion bar coverage for Mr. Gantt's mold-based injuries, his claims for "bad faith" and "breach of implied covenants" in an insurance contract necessarily fail.**

Mr. Gantt's first and third claims are indistinguishable. In both, he alleges that Travelers is liable for not paying insurance proceeds to compensate him for his mold-based injuries. These claims fail on their face because his alleged injuries are specifically excluded from coverage under the Policy.

South Carolina law applies to the interpretation of the Policy, as it was issued to a South Carolina entity. *See* S.C. Code Ann. § 38–61–10 ("All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State.").

Under South Carolina law, "insurance policies are subject to the general rules of contract construction." *Nationwide Mut. Ins. Co. v. Commercial Bank*, 479 S.E.2d 524, 526 (S.C. Ct. App. 1996). "Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." *Williams v. GEICO*, 762 S.E.2d 705, 709 (S.C. 2014) (internal citations omitted). This applies to exclusions from coverage. *See, e.g.*, *Ross Dev. Corp. v. Fireman's Fund Ins. Co*., 910 F. Supp. 2d 828, 832-33 (D.S.C. 2012), *aff'd sub nom. Ross Dev. Corp. v. PCS Nitrogen Inc.*, 526 F. App'x 299 (4th Cir. 2013) (pollution exclusion barred coverage based on "plain language of the exclusion"); *S.C. Farm Bureau Mut. Ins. Co. v. Kelly*, 547 S.E.2d 871, 876 (S.C. Ct. App. 2001) (deciding exclusion barring "loss caused directly or indirectly. . . out of any act committed by any insured with the intent to cause a loss" was "clear and unambiguous" and the court would "not look outside the policy to determine its meaning"). In

5

short, "Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary and popular meaning." *Williams*, 762 S.E.2d at 709.

Critically for this case, "[a]n insurer's obligation under a policy of insurance is defined by the terms of the policy and cannot be enlarged by judicial construction." *Sunex Int'l, Inc. v. Travelers Indem. Co. of Ill.*, 185 F. Supp. 2d 614, 617 (D.S.C. 2001) (citing *South Carolina Ins. Co. v. White*, 390 S.E.2d 471, 474 (S.C. Ct. App. 1990)). In this regard, "[t]he court's duty is limited to the interpretation of the contract made by the parties, regardless of its wisdom or folly, apparent unreasonableness, or failure [of the parties] to guard their interests carefully." *NGM Ins. Co. v. Low Country Finish Carpentry, Inc.*, No. 2:11-1016, 2012 WL 13005316, at *2 (D.S.C. Oct. 31, 2012) (internal citations omitted). Similarly, "a court should not adopt a construction of an insurance policy that renders a significant exclusion meaningless." *Id.* at *4.

Under these well-established standards, the Fungi or Bacteria Exclusion unambiguously bars coverage for Mr. Gantt's claims. Mr. Gantt asserts that he was damaged by the presence of mold and mildew in his condominium. The Policy, however, plainly excludes coverage for bodily injury or property damage caused by "inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure," and "fungi" is defined to specifically include "mold" and "mildew." (Ex. A, Policy at PDF 178.)

This Court previously has addressed nearly identical exclusions twice, and both times affirmed that injuries attributable to mold were beyond the coverage of the policies at issue. *See NGM Ins. Co. v. Low Country Finish Carpentry, Inc.,* No. CV 2:11-1016, 2012 WL 13005316, at *4 (D.S.C. Oct. 31, 2012) (holding that plain language of fungi exclusion precluded coverage for mold-related claims); *Greenwood Dev. Corp. v. Cincinnati Ins. Co.*, No. CV 9:08-2602-SB, 2012

6

WL 12981762, at *9 (D.S.C. Feb. 16, 2012) (determining that this exclusion barred plaintiff's mold-based claims).

These cases make clear that under the facts alleged here, where the cause of the mold is not in dispute, coverage is barred. This same reasoning applies to this case—the unambiguous Fungi or Bacteria Exclusion bars coverage because mold is not one of the risks that Travelers agreed to cover, except in limited circumstances not alleged or present here.

Because there is no insurable claim here, Mr. Gantt's causes of action for "bad faith" and breach of an implied covenant in the Policy necessarily fail. *See, e.g.*, *Hilton Head Resort Four Seasons Ctr. Horizontal Prop. Regime Council of Co-Owners, Inc. v. Gen. Star Indem. Co.*, 357 F. Supp. 2d 885, 888 (D.S.C. 2005) (plain language of policy barred coverage, and "[a]ccordingly, [insurer] cannot be said to have acted in bad faith, breached the contract of insurance, or breached any covenant of good faith and fair dealing with respect to the claim"); *see also Kelaher, Connell & Conner, P.C. v. Auto-Owners Ins. Co.*, No. 4:19-CV-00693-SAL, 2020 WL 886120, at *9 (D.S.C. Feb. 24, 2020) (insurer had reasonable basis to deny claim because "coverage did not exist under the plain terms of the Coverage Extension"); *Imperial Textile Supplies, Inc. v. Peerless Indem. Ins. Co.*, No. 7:11-CV-00689-MGL, 2012 WL 13008425, at *4 (D.S.C. Nov. 5, 2012) (judgment in favor of insurer because insured had "not presented any admissible evidence that there were benefits due under the insurance contract," that insurer "acted in bad faith," or that insurer "otherwise acted unreasonably in the handling and denial of the claim"); *BMW of N. Am., LLC v. Complete Auto Recon Servs.*, 731 S.E.2d 902, 907 (S.C. Ct. App. 2012) ("Colony contends that because no coverage existed as to the claim BMW made, Colony could not have acted in bad faith in refusing to pay BMW. We agree.").

**II.    The Fungi or Bacteria Exclusion is not "unconscionable."**

Perhaps recognizing the futility of his position, Mr. Gantt attempts to bypass the plain language of the Fungi or Bacteria Exclusion by arguing that it is "unconscionable." This is an extremely high bar for Mr. Gantt to clear, because "[i]n South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *One Belle Hall Prop. Owners Ass'n, Inc. v. Trammell Crow Residential Co.*, 791 S.E.2d 286, 291 (S.C. Ct. App. 2016). "In analyzing the absence of meaningful choice, courts should consider, inter alia, the nature of the injuries, any disparity in the parties' bargaining power, the level of sophistication of the parties, whether there is an element of surprise in the challenged clause, and the conspicuousness of the clause.*"* *Maybank v. BB&T Corp.*, 416 S.C. 541, 575, 787 S.E.2d 498, 515–16 (2016).

Mr. Gantt offers no specific allegations in support of this claim, beyond a generic assertion that it is "a one-sided contract provision." (Fir. Am. Compl. ¶ 36 (Dkt. No. 9).) This is not a credible argument.

First, Mr. Gantt is not the insured here; Court Ridge, a business entity, is. The fact that the Policy was issued to a business all but forecloses any "unconscionability" argument. *See Carolina Care Plan, Inc. v. United HealthCare Servs.*, 606 S.E.2d 752, 758 (2004) (explaining that plaintiff "has failed to allege any facts that would show the clause was unconscionable" because both parties to contract "were sophisticated entities").

Second, as noted above, this Court previously has enforced this same policy exclusion in other cases. *E.g.*, *NGM Ins. Co. v. Low Country Finish Carpentry, Inc.,* No. CV 2:11-1016, 2012

8

WL 13005316, at *4 (D.S.C. Oct. 31, 2012); *Greenwood Dev. Corp. v. Cincinnati Ins. Co*., No. CV 9:08-2602-SB, 2012 WL 12981762, at *9 (D.S.C. Feb. 16, 2012).

Third and finally, an insurance contract is a bargain between the insurance provider that, in exchange for certain payments, will take on the risk of certain losses by the insured. The Fungi or Bacteria Exclusion simply represents the fact that Court Ridge did not wish to pay for Travelers to bear the risk of losses attributable to mold (among other fungi). The business judgment made by Court Ridge, and the memorialization of the bargain between Court Ridge and Travelers to exclude losses attributable to mold from this particular insurance policy, does not somehow render the Fungi or Bacteria Exclusion to be unconscionable. The Court should reject Mr. Gantt's "unconscionability" claim accordingly.

## CONCLUSION

Mr. Gantt has no claim to proceeds under an insurance policy that specifically excludes coverage for his alleged bodily injuries and property damage caused, in whole or in part, by his purported inhalation of, ingestion of, contact with, exposure to, existence of, or the presence of, any fungi or bacteria, including mold, mildew, spores, or byproducts produced or released by fungi. Accordingly, the Court should dismiss this case.

*[signature page to follow]*

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: /s/ M. Todd Carroll
    Federal Bar No. 9742
    todd.carroll@wbd-us.com
    Bryant S. Caldwell
    Federal Bar No. 13125
    bryant.caldwell@wbd-us.com
    1221 Main Street, Suite 1600
    Columbia, South Carolina 29201
    803-454-6504

*Attorneys for Defendant*

April 5, 2021