UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert E. Gantt, | CA: 6:21-cv-00645-JD |
| Plaintiff, | |
| v. | ORDER |
| Travelers Casualty Insurance Company of America, | |
| Defendant. | |

This matter comes before the Court on Defendant Travelers Casualty Insurance Company of America's ("Travelers" or "Defendant") Motion to Dismiss Robert E. Gantt's ("Gantt" or "Plaintiff") Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (DE 15.) Travelers alleges, *inter alia,* that Plaintiff's pleadings are deficient because the subject Travelers insurance policy specifically excludes coverage for losses attributable to mold and all of Plaintiff's alleged damages are a result of exposure to mold. (DE 15.)

Gantt filed a Memorandum in Opposition. (DE 16.) Travelers filed a Reply. (DE 17.) After reviewing the motion, memoranda submitted, and the record, the Court grants in part and denies in part Travelers's Motions to Dismiss for the reasons stated herein.[2]

**BACKGROUND**

As alleged by the Plaintiff in his Amended Complaint, Gantt is an owner and resident of Court Ridge Condominiums, a Homeowners Association. In 2016, water got into Gantt's

---

[1] Travelers previously filed a motion to dismiss in response to Gantt's initial complaint. (DE 6.) Thereafter, Gantt filed an amended complaint that identifies the correct Travelers entity as the Defendant. Accordingly, Travelers re-filed the instant motion to dismiss in response to the amended complaint, and the initial motion to dismiss (DE 6) is terminated as moot.

[2] To the extent Defendant asks this Court to consider evidence outside of the pleadings in support of their motions to dismiss, this Court declines to do so or to convert the motions to a motion for summary judgment.

1

condominium through a hole in an exterior wall that resulted in mold and mildew growing in the unit. (DE 9, ¶¶ 17–24.) Gantt alleges the "spore count" in his unit was 6000, or six times higher than is acceptable. (DE 9, ¶ 24.) Gantt alleges he suffered illnesses requiring "numerous visits to doctors and emergency rooms" resulting from his exposure to mold in his condominium, and "severe property damage" to the unit. (DE 9, ¶¶ 10, 22.) He further alleges that he timely informed the Court Ridge Association of Residence Owners, Inc. ("Court Ridge") of the hole in the exterior wall, the resulting mold and mildew inside the exterior wall cavity, and his illness. (DE 9, ¶ 7.)

Court Ridge tendered Mr. Gantt's claim under its insurance policy issued by Travelers. By letter dated June 20, 2018, Travelers denied the claim because of a standard "Fungi or Bacteria" exclusion in the policy. (DE, 1-1, Ex. B.) Specifically, Gantt alleges that Travelers cited to a provision in the policy stating:

- **The Policies contain Fungi or Bacteria Exclusion CG D2 43 01 02 which reads as follows, in pertinent part:**

    i. **The following exclusions is added to paragraph 2., Exclusions of Section I – Coverage A–Bodily Injury and Property Damage:**

        1. **Exclusions:**

            **This insurance does not apply to: Fungi or bacteria**

            **a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but not for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.**

            ***

        2. The following definition is added to the **Definitions Section:** "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

(DE 9, ¶ 27.)

In 2018, Gantt filed suit in the Court of Common Pleas in the 13th Judicial Circuit against his Homeowners Association and Property Management. <u>Gantt v. Court Ridge Association of</u>

Residence Owners, et al., Case No.: 2018-CP-23-03500. In it, Gantt alleged damages as a result of mold and mildew exposure. Travelers denied coverage for Gantt's Damages. (DE 9, ¶¶ 11, 27.) Nevertheless, the parties settled the matter, and as part of the settlement with Court Ridge, first-party rights were assigned to Gantt to pursue damages against Travelers. (DE 9, ¶ 6.) Thererafter, Gantt brought this action seeking to collect proceeds under Court Ridge's Travelers insurance policy for Bad Faith, Unconscionability, and Breach of Implied Covenants of Good Faith and Fair Dealing. (DE 9.)

## LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility

of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Gantt's Amended Complaint plausibly states a claim for bad faith and breach of implied of covenants of good faith and fair dealing in an insurance contract. Under South Carolina law, "insurance policies are subject to the general rules of contract construction." Nationwide Mut. Ins. Co. v. Commercial Bank, 479 S.E.2d 524, 526 (S.C. Ct. App. 1996). "Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." Williams v. GEICO, 762 S.E.2d 705, 709 (S.C. 2014) (internal citations omitted). This applies to exclusions from coverage. See Ross Dev. Corp. v. PCS Nitrogen Inc., 526 F. App'x 299 (4th Cir. 2013) (pollution exclusion barred coverage based on "plain language of the exclusion"); S.C. Farm Bureau Mut. Ins. Co. v. Kelly, 547 S.E.2d 871, 876 (S.C. Ct. App. 2001) (deciding exclusion barring "loss caused directly or indirectly. . . out of any act committed by any insured with the intent to cause a loss" was "clear and unambiguous" and the court would "not look outside the policy to determine its meaning"). In short, "Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary and popular meaning." Williams, 762 S.E.2d at 709.

However, "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Although the Amended Complaint identifies a Fungi or Bacteria coverage exclusion, in construing all

4

ambiguities in favor of coverage (which are alleged here), this Court finds that for the purposes of a Motion to Dismiss, the Complaint adequately states a claim for relief.[3] The Amended Complaint alleges that a mutually binding insurance contract existed between Court Ridge (as a first-party claimant whose rights were assigned to Gantt) and Defendant, that Defendant refused to pay benefits due under that contract, that this refusal resulted from Defendant's alleged bad faith/unreasonable action, and that Gantt suffered damages, which he settled with Court Ridge and which included this assignment. See Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1, 466 S.E.2d 727, 730 (S.C. 1996) (listing the four elements of an insurance bad faith claim). To that end, the Amended Complaint alleges that "Plaintiff hired Rainbow International Restoration and discovered that the 'spore count' in his unit was 6000, or six times higher than is acceptable." (DE 9, ¶ 24.) Moreover, Gantt claims that "[t]he terms of the agreement were so oppressive that no reasonable person would make them and no fair and honest person would accept them due to the grotesque nature of the spore count (6000) in Plaintiff's unit." (DE 9, ¶ 37.) In addition, Gantt alleges:

> Even if the exclusionary clause is deemed unambiguous on its face, it's unconscionable in that the clause is meant to exclude normal mold and/or mildew buildup, and not meant to force Court Ridge to accept this exclusionary language when the mold/mildew buildup is as excessive as is the case at bar.

(DE 9, ¶ 33.) "A policy clause extending coverage must be liberally construed in favor of coverage, while insurance policy exclusions are construed most strongly against the insurance

---

[3] The Defendant cites cases wherein district courts have addressed similar exclusions with injuries attributable to mold that were beyond the coverage of the policies at issue. See e.g., NGM Ins. Co. v. Low Country Finish Carpentry, Inc., No. CV 2:11-1016, 2012 WL 13005316, at *4 (D.S.C. Oct. 31, 2012) (holding that plain language of fungi exclusion precluded coverage for mold-related claims); Greenwood Dev. Corp. v. Cincinnati Ins. Co., No. CV 9:08-2602-SB, 2012 WL 12981762, at *9 (D.S.C. Feb. 16, 2012) (determining that this exclusion barred plaintiff's mold-based claims). However, the cases cited by the Defendant in its motion and reply were decided on summary judgment not at the 12(b)(6) stage of the litigation.

company, which also bears the burden of establishing the exclusion's applicability." Episcopal Church v. Church Ins. Co., 993 F. Supp. 2d 581, 587 (D.S.C. 2014). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (internal quotation marks omitted). Accordingly, the Court denies Travelers' Motion to Dismiss Gantt's claims for bad faith and breach of implied covenants of good faith and fair dealing.

Equally, Gantt has pled sufficient facts and stated plausible claims for estoppel by unconscionability. "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc., 322 S.C. 399, 403, 472 S.E.2d 242, 245 (1996). Again, Plaintiff alleges that "[t]he terms of the agreement were so oppressive that no reasonable person would make them and no fair and honest person would accept them due to the grotesque nature of the spore count (6000) in Plaintiff's unit." (DE 9, ¶ 37.) Plaintiff also alleges that the policy was a one-sided provision "which attempts to exclude coverage for excessive and egregious mold where no fair and honest person would agree to these terms." (DE 9, ¶ 38.) Therefore, Travelers's Motion to Dismiss Gantt's claim for estoppel by unconscionability is denied.

Accordingly, for the foregoing reasons, it is Ordered that Defendant's Motions to Dismiss (DE 6 and 15) are denied as provided herein.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

September 29, 2021
Greenville, South Carolina